ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 SEP 20 PM 12: 13

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| GEORGE PAUL MOSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-071 |
| ) | |
| MICHAEL PUGH, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed the current action under 28 U.S.C. § 2241. For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.[2]

**I.   BACKGROUND**

Following his conviction in the Western District of Washington for distribution of cocaine base and conspiracy to distribute cocaine base, Petitioner appealed to the Ninth Circuit, which affirmed his conviction. (See doc. no. 1, pp. 1-3). Petitioner then filed a

---

[1] Inasmuch as Petitioner seeks release from confinement at McRae Correctional Facility, the proper party Respondent in this action should be Petitioner's immediate custodian, in this case Michael Pugh, Warden at McRae Correctional Facility. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to substitute "Michael Pugh, Warden" for the Government as the party respondent in this case.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied. (Id. at 5). In the instant petition, Petitioner argues that his conviction is invalid because his conviction stemmed from a false arrest and because he received ineffective assistance of counsel. (Id. at 4-5). The Court resolves the matter as follows.

## II. DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

In the instant case, Petitioner has attempted to circumvent these requirements by filing a petition under § 2241. A federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. ¶ 5. However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding

2

when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)).

Here, Petitioner makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test. Nor does any reason to suppose that Petitioner is entitled to proceed under § 2241 leap out of his petition. Consequently, the instant petition should be dismissed.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 20th day of September, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE